FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 06, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NITROCREAM LLC, | No. 2:24-cv-00199-MKD |
| Plaintiff, | ORDER GRANTING MOTION TO SEVER, DENYING MOTION TO STAY AS MOOT, AND DIRECTING FURTHER FILINGS REGARDING APPROPRIATE REMEDY FOR VENUE AND JURISDICTION DEFECTS |
| v. | |
| CHILL-N NITROGEN ICE CREAM FRANCHISING LLC, d/b/a CHILL-N NITROGEN ICE CREAM and/or CHILL N7 NITROGEN ICE CREAM; CHILL-N ICE CREAM LLC; and BUZZED BULL HOLDINGS LLC, | **ECF Nos. 23, 37** |
| Defendants. | |

Before the Court are a Motion to Sever and Motion to Dismiss, ECF No. 23, and a Motion to Stay, ECF No. 37, filed by Defendants Chill-N Nitrogen Ice Cream Franchising, LLC, and Chill-N Ice Cream, LLC (hereinafter the Chill-N Defendants). The Court held a hearing on the Motion to Sever and Motion to Dismiss. ECF No. 38. Joseph Farco and Monica Chawla appeared on behalf of Plaintiff. John Eagan and Caleb Hatch appeared on behalf of the Chill-N Defendants.

ORDER - 1

The Court has reviewed the briefing, has heard from counsel, and is fully informed.  For the reasons explained below, the Court grants the Motion to Sever, denies the Motion to Stay as moot, finds that venue and personal jurisdiction are improper, and directs the parties to submit supplemental briefing on the appropriate remedy for the venue and jurisdiction defects.

## BACKGROUND

### A. NitroCream LLC and the '868 Patent

Plaintiff NitroCream LLC is a Washington LLC with a principal place of business in Wenatchee, Washington.  ECF No. 1 at 1 ¶ 1.  NitroCream owns all substantial rights and interests in U.S. Patent No. 7,455,868 ("the '868 Patent") as an assignee.  *Id.* at 3 ¶ 14.  The '868 Patent concerns an "apparatus and method for making ice cream products."  *See* ECF No. 7 at 2.  NitroCream has designed two types of ice cream machines based on the '868 Patent (the G6 and T1 machine systems), which it manufactures and sells nationally and internationally.  ECF No. 1 at 3-4 ¶¶ 15-16.

In 2018, the U.S. Patent and Trademark Office (USPTO) received a request for ex parte reexamination of the '868 Patent, which the USPTO granted.  ECF No. 1 at 2 ¶ 11; ECF No. 18 at 203-21 ("Order Granting Ex Parte Reexamination"), 354-85 ("Request for Ex Parte Reexamination").  On May 20, 2020, the USPTO issued a "Final Office Action" rejecting claims 1-7, 9-13, and 16-18 of the '868

Patent as unpatentable and finding claims 8, 14, 15, and 19 patentable.  ECF No. 18 at 63-79; ECF No. 1 at 7 ¶ 32.  In response, NitroCream amended the patent claims and requested further reexamination.  ECF No. 18 at 21-31.

On October 26, 2020, the USPTO issued an ex parte reexamination certificate concluding that the amended claims of the '868 Patent were patentable.  ECF No. 7 at 2-3; ECF No. 1 at 3 ¶ 13.

**B. The Chill-N Defendants**

The Chill-N Defendants are Florida LLCs mainly based in Florida.  ECF No. 1 at 1-2 ¶¶ 3-4; *see also* ECF No. 23 at 7.  NitroCream and the Chill-N Defendants entered into a licensing agreement for the '868 Patent on October 17, 2018.  *See* ECF No. 1 at 7-8 ¶¶ 27-40; ECF No. 5-2.

**C. Defendant Buzzed Bull Holdings LLC**

NitroCream alleges that Defendant Buzzed Bull Holdings LLC ("Buzzed Bull") is an Ohio LLC with a principal place of business in Ohio.  ECF No. 1 at 2 ¶ 5.  Buzzed Bull has yet to appear in this matter.  NitroCream indicates that Buzzed Bull is undergoing bankruptcy proceedings.  ECF No. 21; *see also In re The Buzzed Bull Holdings, LLC*, No. 24-BK-11840 (Bankr. S.D. Ohio filed Aug. 12, 2024).

NitroCream alleges it and Buzzed Bull entered into a licensing agreement for the '868 Patent on June 26, 2017.  ECF No. 1 at 5-6 ¶¶ 21-26; ECF No. 5-1.

**D. Pending Claims**

NitroCream brings claims against all three Defendants for (1) patent infringement in violation of 35 U.S.C. § 271(a)-(c) and (2) breach of contract. ECF No. 1 at 32-37 (patent claims), 50-52 (breach of contract claims). NitroCream brings additional claims against the Chill-N Defendants for (3) false patent marking, in violation of 35 U.S.C. § 292; (4) false advertising, in violation of Section 43(a) of the Lanham Act; and (5) unfair competition, in violation of Washington law. *Id.* at 37-50.

## DISCUSSION

**A. Motion to Sever**

The Chill-N Defendants move to sever the claims against them from the claims against Buzzed Bull, contending that joinder was improper under 35 U.S.C. § 299. ECF No. 23 at 3-5. NitroCream opposes severance, arguing that all Defendants allegedly infringed the same claims of the '868 Patent and are current or former licensees of the '868 Patent. ECF No. 29 at 9-10. NitroCream also contends that joinder is proper for the non-patent infringement claims under the lower standard of Fed. R. Civ. P. 20. *Id.* at 10.

Pursuant to 35 U.S.C. § 299(a), patent infringement defendants may only be joined if:

> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out

of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and

(2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299(b) expressly prohibits joinder "based solely on allegations that [the defendants] each have infringed the patent or patents in suit."

NitroCream contends that joinder of the patent infringement claims was proper under 35 U.S.C. § 299, but its briefing and argument at the hearing confirm that the joinder was based solely on the Chill-N Defendants' and Buzzed Bull's alleged infringement of the same patent.  *See* ECF No. 29 at 9-10; ECF No. 38. Therefore, joinder of Defendants was improper under 35 U.S.C. § 299(b).

NitroCream also argues that the breach of contract claims were properly joined under Fed. R. Civ. P. 20 because of "[t]he operative facts shared by Chill-N and Buzzed Bull in the genesis of their infringing activities."  ECF No. 29 at 10. Fed. R. Civ. P. 20(a)(2) permits joinder of defendants if "any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series [thereof]" and if there will be questions of fact or law common to all defendants.  According to the allegations in the Complaint and the licensing agreement exhibits, NitroCream made separate agreements with the Chill-N Defendants and with Buzzed Bull at different times and under different

ORDER - 5

terms.  *See, e.g.*, ECF No. 1 at 5 ¶ 21, 7 ¶ 27; ECF No. 5-1 (Buzzed Bull agreement); ECF No. 5-2 (Chill-N agreement).  There are no clear factual similarities between the two alleged breaches of contract.  NitroCream alleges that the Chill-N Defendants breached their agreement by expressly notifying NitroCream that they construed the July 12, 2019, patent reexamination findings to have operated as a termination of the agreement.  ECF No. 1 at 50 ¶ 213.  In contrast, NitroCream alleges Buzzed Bull breached its agreement by exceeding the agreement terms, which NitroCream appears to have discovered through its own investigation.  *See id.* at 28-29 ¶¶ 104-05, 51 ¶¶ 226-28.  NitroCream has not alleged there was any connection between the Chill-N Defendants and Buzzed Bull except that each had entered into an agreement with NitroCream related to the '868 Patent at some point.  Therefore, the breach of contract claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences, as required for permissive joinder.  *See* Fed. R. Civ. P. 20(a)(2)(A).

The Court grants the Chill-N Defendants' Motion to Sever.

## B. Motion to Dismiss for Improper Venue and Lack of Personal Jurisdiction

The Chill-N Defendants contend that venue is improper or otherwise inconvenient in the Eastern District of Washington and that the Court lacks a basis to exercise personal jurisdiction over them.  ECF No. 23 at 6-14.

*1.  The Forum Selection Clause*

The Chill-N Defendants contend that the plain language of the forum selection clause in their licensing agreement with NitroCream permits, but does not require, venue in courts physically located within Chelan County, which does not include any federal district court.  ECF No. 23 at 6.  In response, NitroCream argues that the forum selection clause is mandatory and encompasses venue and personal jurisdiction in the district courts of the Eastern District of Washington. ECF No. 29 at 11-13.

The forum selection clause in the licensing agreement between Plaintiff and the Chill-N Defendants provides as follows:

> This Agreement shall be governed by and construed and enforced in accordance with the laws of the state of Washington, and jurisdiction and venue for any action to enforce or interpret this agreement shall lie in Chelan County, Washington.

ECF No. 5-2 at 7 ¶ 12; *see also* ECF No. 29 at 11.

"A contractual forum selection clause is 'prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances.'" *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 763 (9th Cir. 1989) (quoting *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 10 (1972)).

The Chill-N Defendants raise two separate issues: (1) whether the forum selection clause is mandatory or permissive, and (2) whether the forum selection clause encompasses venue and personal jurisdiction in this Court.

a.  Mandatory or Permissive

"To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one." *Idaho v. Coeur d'Alene Tribe*, 794 F.3d 1039, 1045 (9th Cir. 2015) (quoting *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995)).

NitroCream argues that the forum selection clause is mandatory because it "uses mandatory language like . . . 'shall' in conjunction with a choice of 'venue[.]'" ECF No. 29 at 12 (quoting *Vaporpath, Inc. v. WNA, Inc.*, No. 19-CV-5807, 2019 WL 6498165, at *2 (W.D. Wash. Dec. 3, 2019)).  This is an oversimplification.  The use of the word "shall," by itself, does not always mean that a forum selection clause is mandatory—the case law reflects distinctions based on how the clause is structured:

- That <u>an action shall be brought</u> in a particular place (mandatory);[1]

---

[1] *Vaporpath*, 2019 WL 6498165, at *1-2 ("***Any suit, action or proceeding*** brought [under this contract] ***shall be commenced and maintained*** solely in state or federal courts having jurisdiction at the Buyer's address[.]" (alterations in opinion)

- That <u>jurisdiction/venue shall be</u> in a particular place (mandatory);[2]

- That <u>a particular court shall have</u> jurisdiction (permissive).[3]

---

(emphasis in *Vaporpath* omitted, emphases added)); *Rolovich v. Wash. State Univ.*, No. 22-CV-319, 2023 WL 2401769, at *1-2 (E.D. Wash. Mar. 8, 2022) ("[T]he ***action shall be brought*** in the Superior Court of the State of Washington . . . .") (emphasis added).

[2] *City of Albany v. CH2M Hill, Inc.*, 924 F.3d 1306, 1307-08 (9th Cir. 2019) ("***Venue for litigation shall be*** in Linn County, Oregon.") (emphasis added); *Docksider Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 763-64 (9th Cir. 1989) ("***Venue of any action brought hereunder shall be deemed*** to be in Gloucester County, Virginia.") (emphasis added); *Sloan v. Duchscherer*, No. 17-CV-6454, 2018 WL 3054801, at *2-3 (N.D. Cal. June 20, 2018) ("***Jurisdiction and venue shall be*** in the Courts of Santa Clara County, California . . . .") (emphasis in *Sloan* omitted, emphasis added).

[3] *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 76-77 (9th Cir. 1987) ("The courts of California, County of Orange, ***shall have jurisdiction*** over the parties in any action at law relating to the subject matter or the interpretation of this contract.") (emphasis added).

The instant forum selection clause states that "jurisdiction and venue of any action . . . ***shall lie*** in Chelan County, Washington." The definition of "lie," when used in this context, does not convey exclusivity:

> **lie** *vb.* (bef. 12c) 1. To tell an untruth; to speak or write falsely . . . . 2. ***To have foundation in the law; to be legally supportable, sustainable, or proper*** . . . . 3. ***To exist; to reside*** . . . .

*Lie*, Black's Law Dictionary (12th ed. 2024) (emphases added).[4] Under this definition, the forum selection clause effectively says that jurisdiction and venue shall be legally supportable, or shall be proper, or shall exist in Chelan County. This does not clearly designate Chelan County as the exclusive forum. *See Coeur d'Alene Tribe*, 794 F.3d at 1045.

It appears that "shall lie" clauses are sometimes considered equivalent to "shall be" clauses and accordingly deemed exclusive. *See, e.g.*, *Mead Invs., Inc. v. Garlic Jim's Franchise Corp.*, No. 08-922, 2008 WL 4911911, at *3 (D. Or. Nov. 13, 2008) (analogizing "shall lie" forum selection clause to "shall be" clauses in other cases). Conversely, it appears common for "shall lie" clauses to be accompanied by another word or phrase that explicitly conveys exclusivity, instead

---

[4] Black's Law Dictionary gives the following example for the second definition: "in such a situation, an action lies in tort." It would be a stretch to construe this sentence, in isolation, to mean that "an action lies in tort *and nowhere else*."

ORDER - 10

of relying upon "shall lie" to clearly designate exclusivity.  *See, e.g.*, *In re Recore Antitrust Litig.*, 730 F. Supp. 3d 1355, 1356 n.2 (J.P.M.L. 2024) ("***exclusive*** venue for any proceeding relating to this Agreement shall lie with the state and federal courts located in Dallas County, Texas.") (alteration omitted) (emphasis added); *Boviet Solar USA, Ltd. v. Melpro Corp.*, No. 19-CV-1621, 2019 WL 5089203, at *1 (N.D. Cal. July 3, 2019) ("Each Party consents and agrees that all legal proceedings relating to the subject matter of this Agreement shall be maintained in the appropriate federal court sitting in San Jose, CA, and each Party consents and agrees that jurisdiction and venue for such proceedings shall lie ***exclusively*** with such court.") (emphasis added); *NNN 2716 N. Tenaya 24, LLC v. Breakwater Equity Partners, LLC*, No. 16-CV-1571, 2017 WL 663061, at *2 (D. Nev. Feb. 17, 2017) ("[I]n any litigation subsequently arising out of this Agreement, jurisdiction and venue shall ***exclusively*** lie in the state or federal courts of San Diego, California[.]") (emphasis added); *Garza Aviation Servs., LLC v. Cnty. of Yuma*, No. CV11-1762, 2011 WL 6012967, at *3 (D. Ariz. Dec. 2, 2011) ("[V]enue of any action brought under this Agreement shall lie in Yuma County, Arizona, ***exclusively***, and any action shall be maintained in such County.") (emphasis added); *Pat Pellegrini Flooring Corp. v. ITEX Corp.*, No. CV 09-376, 2010 WL 1005318, at *2 (D. Or. Feb. 9, 2010) ("Any action brought by any party to this agreement shall be filed, and venue shall lie ***only*** in the courts of King County,

ORDER - 11

Washington, United States of America, to which jurisdiction and venue Member

hereby specifically consents.") (emphasis added); *Rock Design, Inc. v. Lodestone*

*Const., Inc.*, No. 07-CV-1431, 2008 WL 1944664, at *2 (D. Or. Apr. 29, 2008) ("If

litigation is instituted by a party to enforce or interpret this Agreement, venue shall

lie in Pacific County, Washington.  Such venue is ***exclusive***.") (emphasis added).

Here, the forum selection clause provides that jurisdiction and venue shall

lie in Chelan County—not that jurisdiction and venue shall lie *only* in Chelan

County; nor that jurisdiction and venue shall *be* in Chelan County; nor that any

*action shall be brought* in Chelan County.  Therefore, the forum selection clause

does not clearly designate Chelan County as the exclusive forum, and it cannot be

construed as mandatory.

  b.  "Chelan County" Forum

The second issue is controlled by Ninth Circuit law concluding that a forum

selection clause that specifies a particular county does not encompass a federal

forum where there is no federal courthouse within the geographic limits of that

county.  *See CH2M Hill*, 924 F.3d at 1308; *Docksider*, 875 F.2d at 764.  There is

no federal courthouse in Chelan County.

Therefore, the forum selection clause does not provide a basis for federal

venue and jurisdiction in the Eastern District of Washington.  NitroCream may

only maintain this case in this forum if there is an independent basis for venue and personal jurisdiction.

### 2. *Venue for Patent Infringement Claim*

The Chill-N Defendants argue that venue in the Eastern District of Washington is improper under the patent venue statute, 28 U.S.C. § 1400(b). ECF No. 23 at 10-12. NitroCream relies on the forum selection clause as the basis for overcoming 28 U.S.C. § 1400(b). *See* ECF No. 29 at 13. As the forum selection clause does not provide a proper basis for venue in this District, the Court considers whether venue is otherwise proper under 28 U.S.C. § 1400(b).

28 U.S.C. § 1400(b) "provides that 'any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.'" *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 261 (2017) (quoting 28 U.S.C. § 1400(b)) (alteration omitted). "[F]or the purposes of § 1400(b) a domestic corporation 'resides' only in its State of incorporation.'" *Id.* at 262 (quoting *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 226 (1957)).

An LLC, like both Chill-N Defendants, is not technically "incorporated" in a state but rather "organized under" a state's laws—*TC Heartland* did not expressly address this, even though the defendant in that case was an LLC. Other courts

ORDER - 13

have applied the *TC Heartland* rule to LLCs.  *See, e.g.*, *Olivia Garden, Inc. v. Stance Beauty Labs, LLC*, No. 17-CV-5778, 2018 WL 3392063, at *1 (N.D. Cal. July 12, 2018); *Blue Water Innovations, LLC v. Vevazz, LLC*, No. 20-CV-774, 2020 WL 6828950, at *2 (M.D. Fla. Oct. 29, 2020) (noting that courts in the Eastern District of Tennessee and the Central District of California have applied the *TC Heartland* test to unincorporated entities including LLCs) (citations omitted).

Under 28 U.S.C. § 1400(b) and *TC Heartland*, venue for NitroCream's patent infringement claim is not proper in this District.  The record indicates that the Chill-N Defendants are LLCs organized under Florida law, thereby making them Florida residents for the purposes of Section 1400(b).  ECF No. 1 at 1-2 ¶¶ 3-4; *see also* ECF No. 23 at 7.  It does not appear likely that the Chill-N Defendants have a regular and established place of business or committed acts of infringement in Washington.  The Chill-N Defendants contend that all equipment used in the alleged infringement is located "outside of Washington, and mainly in Florida, where Chill-N and its franchisees conduct most operations."  ECF No. 23 at 9.  In its response, NitroCream attaches a map from the Chill-N Defendants' website that indicates that the Chill-N Defendants' "available markets" are only in Southern states, though they state they are "open to potential expansion" in the rest of the lower 48 states.  ECF No. 29 at 8.  NitroCream argues that this map reflects the

ORDER - 14

Chill-N Defendants' "plan to include more franchisees to ramp up its willful infringement of the '868 Patent across the United States, including in [NitroCream's] home state of Washington." *Id.* This tends to undermine, rather than demonstrate, NitroCream's contention that the Chill-N Defendants have any relevant place of business, or have already committed any infringing activity, in Washington.

### 3. *Venue for Other Claims & Personal Jurisdiction*

The parties did not specifically address whether there is a proper basis for venue in this District as to NitroCream's claims for breach of contract, false patent marking, false advertising under the Lanham Act, and unfair competition. The Court nevertheless considers whether NitroCream has met its burden of showing that venue for these claims is proper in this District. *See Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1126 (C.D. Cal. 2009) (citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)) (other citation omitted).

The general venue statute, 28 U.S.C. § 1391, applies to the Lanham Act claim and state-law claims for breach of contract and unfair competition. *See Arcona, Inc. v. Farmacy Beauty, LLC*, No. 17-CV-7058, 2018 WL 1441155, at *7 (C.D. Cal. Mar. 22, 2018). District courts in this Circuit appear to have concluded that the general venue statute applies to false patent marking claims, though district

courts in other Circuits have applied 28 U.S.C. § 1395(a). *See TriPharma, LLC v. Med Homepage, Inc.*, No. 22-CV-2232, 2023 WL 9007831, at *2 (C.D. Cal. Oct. 30, 2023); *Seely v. Cumberland Packing Corp.*, No. 10-CV-2019, 2010 WL 5300923, at *2 (N.D. Cal. Dec. 20, 2010); *United States ex rel. Hallstrom v. Orexis, LLC*, No. 10-CV-1925, 2011 WL 13227859, at *2 n.1 (C.D. Cal. Apr. 29, 2011) (noting split in district courts' approaches).

Under 28 U.S.C. § 1391(b), venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For purposes of Section 1391(b)(1), "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

As noted in the above discussion of the patent venue statute, it does not appear that the Chill-N Defendants have any meaningful business presence or

ORDER - 16

1  current business activities in Washington.  NitroCream relies solely on the forum

2  selection clause in arguing that the Court has personal jurisdiction over the Chill-N

3  Defendants.  ECF No. 29 at 15.  As the forum selection clause does not encompass

4  venue and jurisdiction in this Court, NitroCream has not demonstrated that the

5  Court has a proper basis to exercise general or specific personal jurisdiction over

6  the Chill-N Defendants nor, by extension, that this District could possibly be a

7  proper venue for the non-patent infringement claims under Section 1391(b)(1) or

8  (3).

9        Similarly, NitroCream has not demonstrated a proper basis for venue under

10  Section 1391(b)(2).  There does not seem to be any tangible property at issue in

11  this case, let alone property that is "situated" in this District.  On the "substantial

12  events or omissions" prong, different types of claims have different standards—for

13  example, for a Lanham Act claim, "a 'substantial part' of the events giving rise to

14  the claims occur in any district where consumers are likely to be confused by the

15  accused good." *Arcona*, 2018 WL 1441155, at *7 (quoting *Allstar Mktg. Grp.*, 666

16  F. Supp. 2d at 1128) (other citations omitted).  In contrast, "[i]n a breach of

17  contract case, the claim generally arises for § 1391(b)(2) purposes in the 'place of

18  intended performance.'" *Ahead, LLC v. KASC, Inc.*, No. C13-187, 2013 WL

19  1747765, at *7 (W.D. Wash. Apr. 23, 2013) (citing *Decker Coal Co. v.*

20  *Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986)) (other citation

omitted).  As NitroCream relies on the forum selection clause as the basis for venue in this District, it has not addressed any of these standards.

NitroCream has not met its burden of proving that venue in this District is proper for its claims for breach of contract, false patent marking, false advertising under the Lanham Act, and unfair competition.

### 4.  Remedy for Venue and Jurisdiction Defects

The Court finds: (1) the forum selection clause provides a nonexclusive basis for venue and personal jurisdiction in the state courts in Chelan County, but not in this District; (2) venue for NitroCream's patent infringement claim is improper in this District under the patent venue statute; (3) NitroCream has not demonstrated that venue for its other claims is otherwise proper in this District under the general venue statute; and (4) NitroCream has not demonstrated a proper basis for personal jurisdiction over the Chill-N Defendants besides the forum selection clause, which does not encompass the district courts for the Eastern District of Washington.

The Chill-N Defendants request dismissal of this case on forum non conveniens grounds, suggesting NitroCream should refile it in the Southern District of Florida.  *See* ECF No. 23 at 7, 10.  This would not be appropriate for two reasons.  First, "[t]he doctrine of *forum non conveniens* allows a court to dismiss a case **properly before it** when litigation would be more convenient in a

foreign forum." *Cooper v. Tokyo Elec. Power Co., Inc.*, 860 F.3d 1193, 1210 (9th Cir. 2017) (citations omitted) (bolded emphasis added).  NitroCream's case against the Chill-N Defendants is not properly before the Court given the defects in venue and personal jurisdiction.

Second, forum non conveniens "has continuing application in federal courts only in cases where the alternative forum is abroad, . . . and perhaps in rare instances where a state or territorial court serves litigational convenience best." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (citations, quotation marks, and alteration omitted).  "For the federal court system, Congress has codified the doctrine and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action." *Id.* (citing 28 U.S.C. § 1404(a)).[5]

_____

[5] 28 U.S.C. § 1404(a) and forum non conveniens also govern dismissal or transfer where a case was originally filed in a proper forum, but a mandatory forum selection clause designated a different forum.  *Atl. Marine Const. Co.. v. U.S. Dist. Ct. for the W. Dist. of Texas*, 571 U.S. 49, 59-60 (2013); *see also Centro Veterinario y Agricola Limitada v. Aquatic Life Scis., Inc.*, No. 23-CV-693, 2023 WL 4052234, at *4-6 (W.D. Wash. June 16, 2023) (applying forum non conveniens doctrine to dismiss a case based on a mandatory forum selection clause

ORDER - 19

In contrast, if venue is improper in the federal district court where the case was filed, 28 U.S.C. § 1406(a) requires the district court to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Section 1406(a) transfers may also be used to cure defects in the transferor court's personal jurisdiction over the defendants. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) (observing that Section 1406(a) authorizes transfer "whether the court in which it was filed had personal jurisdiction over the defendants or not"); *Sinclair v. Kleindienst*, 711 F.2d 291, 294 (D.C. Cir. 1983) (noting Section 1406(a) transfer may be used to cure "the lack of personal jurisdiction, improper venue[,] and statute of limitations bars") (citation omitted). "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (quoting *Goldlawr*, 369 U.S. at 467).

Section 1406(a) requires that this case be dismissed or transferred to another proper district court. The Court finds that it would be in the interest of justice to

_____

that required a state forum). This does not apply here given that this case was originally filed in an improper forum and the operative forum selection clause is permissive.

ORDER - 20

transfer, rather than dismiss, this case, provided there is another federal district court where venue and personal jurisdiction would be proper for all of NitroCream's claims against the Chill-N Defendants,[6] or perhaps to dismiss the case for refiling in Chelan County, based on the parties' consent to venue and jurisdiction in that forum.  The parties did not address Section 1406(a) dismissal or transfer in their briefing.  There are complex considerations involved in assessing whether to transfer or dismiss—and, if transferring, to what forum—that are best left to the parties.  For example, the Court is poorly placed to determine what alternative forums have proper jurisdiction and venue over all pending claims; if there are multiple proper forums, which would be preferred for convenience or other reasons; whether more preferable forums might become available if certain claims were dropped or severed; etc.  Accordingly, the Court directs the parties to file supplemental briefing recommending the appropriate disposition of this case under Section 1406(a).  The parties may also wish to confer with one another to

---

[6] The Chill-N Defendants' suggestion that this case be refiled in the Southern District of Florida does not seem to constitute affirmative consent to venue and personal jurisdiction in that District as to all of NitroCream's claims upon a Section 1406(a) transfer, and absent consent, it is unclear whether venue and jurisdiction for all claims would be proper in that District.

ORDER - 21

consider whether there is room for compromise that would allow this case to move beyond threshold procedural hurdles.

Finally, the Court denies the Chill-N Defendants' Motion for Stay, ECF No. 37, as moot, given the defects in venue and personal jurisdiction. The Chill-N Defendants are free to request a stay from a court with proper jurisdiction and venue.

**CONCLUSION**

The Court grants the Chill-N Defendants' Motion to Sever and denies the Chill-N Defendants' Motion to Stay. With regard to the Chill-N Defendants' Motion to Dismiss, the Court finds that venue and personal jurisdiction are not proper in this forum but reserves determination on the appropriate remedy under 28 U.S.C. § 1406(a) pending further briefing.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Chill-N Defendants' Motion to Sever, **ECF No. 23**, is **GRANTED**.

   a. NitroCream's claims against Defendant Buzzed Bull will remain in this matter after the Court determines whether the claims against the Chill-N Defendants shall be dismissed or transferred.

2. Regarding the Chill-N Defendants' Motion to Dismiss, **ECF No. 23**, the Court finds that venue and personal jurisdiction are not proper in this forum.

28 U.S.C. § 1406(a) requires that this case be dismissed or transferred to another district court where this case could have been brought.

      a.  **By June 20, 2025**, NitroCream and the Chill-N Defendants shall each submit a brief, consisting of no more than 10 pages, summarizing their requested disposition of this matter under 28 U.S.C. § 1406(a) and providing any supporting facts or legal authority.

    3.    The Chill-N Defendants' Motion to Stay, **ECF No. 37**, is **DENIED as moot**, subject to refiling in a court of proper jurisdiction and venue.

    **IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide copies of this order to counsel.

    **DATED** June 6, 2025.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 23