**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| NITROCREAM, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CHILL-N NITROGEN ICE CREAM FRANCHISING LLC, d/b/a CHILL-N NITROGEN ICE CREAM and/or CHILLN7 NITROGEN ICE CREAM, CHILL-N ICE CREAM LLC,<br><br>    Defendants. | No. 1:25-cv-22836-DPG |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

Chill-N Nitrogen Ice Cream Franchising LLC and Chill-N Ice Cream LLC (collectively "Defendants"), hereby file their Reply in support of their Motion to Dismiss the First Amended Complaint ("FAC") [D.E. 74] filed by Nitrocream, LLC ("Plaintiff" or "NitroCream").

## I. Preliminary Statement

After reviewing the Defendants' motion to dismiss and the Plaintiff's response in opposition ("Opposition"), the parties are in agreement that Count I in the FAC lumps together different claims of infringement against two different entities (*i.e.* Defendant CICF and Defendant CIC): namely, **direct patent infringement** under 35 U.S.C. § 271(a), **induced patent infringement** under 35 U.S.C. § 271(b), and **contributory patent infringement** under 35 U.S.C. § 271(c). *See* [D.E. 74, p. 24]. Where the parties *disagree*, however, is whether these distinct and different claims of infringement – which require proving different elements[1] – can be lumped together into a ***single cause of action***. Plaintiff's Opposition contends that pleading in such a manner is permitted, and that it does not run afoul of the 11th Circuit's prohibition on shotgun pleadings. This contention is erroneous though, as the 11th Circuit has expressly held that when "a plaintiff asserts multiple claims for relief, a properly drafted pleading 'will present each claim for relief in a separate count.'" *Marlborough Holdings Grp., Ltd. v. Azimut-Benetti*, 505 F. App'x 899, 907 (11th Cir. 2013) (internal citation omitted); *see also McDonough v. City of Homestead*, No. 22-12637, 2023 U.S. App. LEXIS 9599, at *5 (11th Cir. Apr. 21, 2023) ("We construe complaints that do not separate 'into a different count each cause of action or claim for relief' as shotgun pleadings."). Bound by 11th Circuit precedent, this Court should grant the

---

[1] *Zamora Radio, LLC v. Last.fm, Ltd.*, 758 F. Supp. 2d 1242, 1247 (S.D. Fla. 2010) (delineating some of the differences required in evaluating direct patent infringement, indirect/inducement patent infringement, and contributory patent infringement).

1

Defendants' motion to dismiss, and find that the FAC violates the "one-claim-per-count rule."[2]

## II.   Pursuant to Rule 8(a) and 10(b), the FAC Should be Dismissed as a Shotgun Pleading.

### A.   Plaintiff's Opposition on Procedural Grounds is Severely Flawed.

1. Plaintiff's Waiver Argument is Both Baseless and Inapplicable.

In an effort to excuse its failure to prepare a pleading that is compliant with 11th Circuit precedent, Plaintiff asserts a "waiver" argument under Rule 12(g)(2), and then tries to blame the Defendants for not coaching the Plaintiff into curing each and every deficiency in its prior complaint (which this Court dismissed) [D.E. 73]. For at least three (3) reasons, Plaintiff's "waiver" argument is without merit. *First*, in their prior motion to dismiss, the Defendants previously educated the Plaintiff on each and every type of shotgun pleading, including the "third" type of shotgun pleading relevant here: "***The third type is a complaint that does not separate into a different count each cause of action or claim for relief***." [D.E. 63, p. 3] (emphasis added). The Defendants' prior motion to dismiss also identified the fact that the prior complaint was due to "be dismissed as a type three" shotgun pleading, and that in Count I of the prior complaint, the "claims are founded on separate occurrences." *Id*. at p. 4. In other words, Defendants did not "waive" any argument, and to the contrary, specifically highlighted the fact that the prior complaint suffered from the third type of shotgun pleadings.

*Second*, Plaintiff's Rule 12(g)(2) argument is inapplicable and does not apply, as Defendants' pending motion [D.E. 79] was not brought under Fed. R. Civ. P. 12(b)(6), and therefore is not a prohibited motion that would otherwise fall within the purview of Rule 12(g)(2).

---

[2] *Kennedy v. Bell*, 546 F. App'x 817, 818 (11th Cir. 2013); *Marlborough v. Azimut-Benetti*, 505 F. App'x 899, 907 (11th Cir. 2013) (noting that a properly drafted pleading "does not allow multiple distinct claims to be amassed into a single undifferentiated count. In fact, we have resoundingly denounced such pleadings.").

2

To be sure, *nowhere in the Defendants' motion* did they ever invoke Rule 12(b)(6), and the Plaintiff's Opposition [D.E. 80] failed to argue otherwise. Furthermore, both this Court and other district courts have correctly recognized that a shotgun pleading is appropriately dismissed under **Rule 8(a)(2) and Rule 10(b)**, and for that reason as well, the Plaintiff's 12(g)(2) argument is inapplicable. For example, in *Lynch v. Deutsche Bank*, this Court *sua sponte* dismissed the complaint as a shotgun pleading because it violated **Fed. R. Civ. 8 and 10**. *Lynch v. Deutsche Bank Nat'l Tr. Co.*, 2021 U.S. Dist. LEXIS 121940, at *2 (S.D. Fla. June 30, 2021) ("Complaints that violate Rule 8(a)(2) or 10 are often disparagingly referred to as shot-gun pleadings.") (Gayles, J.). And in *Cent. Transp.*, this Court once again dismissed a shotgun pleading brought in violation of **Fed. R. Civ. P. 8**. *See Cent. Transp., Ltd. Liab. Co. v. Glob. Aeroleasing,* , 2018 U.S. Dist. LEXIS 151847, at *13 (S.D. Fla. Sep. 6, 2018) (dismissing complaint as a shotgun pleading, and agreeing with the defendant's argument that the plaintiff's complaint "should be dismissed because it is a 'shotgun pleading,' in violation of Rule 8 of the Federal Rules of Civil Procedure.") (Gayles, J.).[3] Plaintiff's reliance on Rule 12(g)(2) is therefore misplaced.

*Third*, it is neither the Defendants' nor the Court's job to coach Plaintiff in drafting a pleading that is compliant with Eleventh Circuit precedent. *GJR Invs. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (while courts show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party…or to rewrite an otherwise deficient pleading in order to sustain an action…[and because] GJR was represented by counsel,

---

[3] *See also See Johnson v. Foster*, 2022 U.S. Dist. LEXIS 216097, at *1-2 (M.D. Ga. Nov. 30, 2022) ("Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires a party to 'state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.' Fed. R. Civ. P. 10(b). The Court may dismiss a complaint that violates either of these rules as a shotgun pleading.").

3

it was not necessary for the court to read GJR's complaint with such indulgence.") (emphasis added).  Plaintiff was on notice that its prior complaint was deficient as a "third type of shotgun pleading" – yet Plaintiff failed to bring the FAC into compliance with 11th Circuit standards.

2. <u>Plaintiff's "Waiver" Argument is Also Irrelevant, as the FAC Should be Dismissed Pursuant to This Court's Obligation to *Sua Sponte* Dismiss a Shotgun Pleading</u>.

As demonstrated above, Plaintiff's "waiver" argument is without merit, and Rule 12(g)(2) does not apply; but even assuming that it did, the FAC is *still* due to be denied.  To be sure, this Court has previously recognized that a "'***district court has the sua sponte obligation to identify and dismiss a 'shotgun' complaint.***'"  *Fischer v. Fannie Mae*, 302 F. Supp. 3d 1327, 1334 (S.D. Fla. 2018) (Gayles, J.) (emphasis added) (internal citation omitted). Proceeding under that obligation, district courts have repeatedly dismissed shotgun pleadings *sua sponte*, and regardless of whether a defendant even raised the underlying pleading deficiency. For example, in *Campbell*, and upon a "*sua sponte* review of the Complaint, the Court dismissed it as a shotgun pleading;" and even after the "Plaintiffs filed the First Amended Complaint," based upon another "*sua sponte* review," the court once again found that the "First Amended Complaint is due to be dismissed as a shotgun pleading." *Campbell v. Orlando Police Dep't*, 2025 U.S. Dist. LEXIS 91333, at *2 (M.D. Fla. May 14, 2025).[4]

Significantly, the Defendants could have even omitted this shotgun pleading issue altogether, and the FAC would *still* be subject to dismissal.  This exact scenario occurred in *M.H. v. Omegle.Com LLC*, 2021 U.S. Dist. LEXIS 205322 (M.D. Fla. Sep. 15, 2021), where the defendant filed a motion to dismiss the amended complaint, **but did not raise a shotgun pleading**

---

[4] *See also Nezbeda v. Liberty Mut.*, 789 F. App'x 180, 181 (11th Cir. 2019) (affirming the district court's ruling after having "sua sponte dismissed the complaint" on shotgun pleading grounds); *Atkins v. Fairbanks*, 2024 U.S. Dist. LEXIS 208947, at *7 (S.D. Ala. Nov. 18, 2024) ("the complaint is due to be dismissed *sua sponte* as an impermissible shotgun pleading").

*issue*.[5] The court did not even address the arguments raised in the defendant's motion to dismiss, and instead conducted a *sua sponte* review and found that "the complaint is dismissed as a shotgun pleading." *Id*. at *4. Based on these legal authorities, the Plaintiff's "waiver" argument is irrelevant (or least immaterial) to the fact that the FAC is should be dismissed as a shotgun pleading.

**B.   Plaintiff's Opposition on Substantive Grounds is Erroneous.**

Plaintiff's Opposition on substantive grounds is also erroneous, and despite the mountain of case law presented in Defendants' motion to dismiss (which Plaintiff failed to refute or otherwise distinguish in its Opposition), Plaintiff continues to maintain that the FAC is compliant with 11th Circuit pleading requirements. As detailed below, Plaintiff is incorrect.

1. <u>11th Circuit Law Requires a Plaintiff to Separate Each Cause of Action or Claim for Relief</u>.

The Opposition argues that Count 1 in the FAC was not required to separately plead three (3) distinct causes of action, and that "Defendants cannot identify any rulings by the 11th Circuit that supports this requirement." [D.E. 80, p. 13-14]. But Plaintiff apparently failed to even review the 11th Circuit authority cited by the Defendants in their motion to dismiss [D.E. 79], which specifically cited to the 11th Circuit's opinion in *Embree*. *See* [D.E. 79, p. 6] [*citing to Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 660 (11th Cir. 2019) (dismissing the plaintiff's first amended complaint "as another shotgun pleading because it failed to separate into a different count each cause of action or claim for relief. As an example, the court noted that Count 1 indiscriminately asserted claims for violations of two Arkansas Trust Code sections against multiple defendants")]. Similarly in *Roether*, the 11th Circuit also affirmed the district court's dismissal of a shotgun pleading, where the plaintiffs did not "separate their 'claims for relief' into

---

[5] **Ex. 1** attached is the motion to dismiss in *M.H.*, which does not contain any "shotgun" arguments.

separate counts." *Roether v. Georgia*, 2024 U.S. App. LEXIS 2141, at *13 (11th Cir. Jan. 31, 2024). In short, the 11th Circuit has repeatedly denounced such improper pleadings plagued by the same deficiency found in the FAC.

2. <u>Plaintiff's Opposition Failed to Distinguish the Defendants' Legal Authorities, and Therefore Plaintiff has Conceded That the FAC is an Impermissible Shotgun Pleading</u>.

In addition to ignoring the 11th Circuit authority cited in the Defendants' motion to dismiss, the Plaintiff's Opposition also failed to meaningfully distinguish the Defendants' reliance on numerous legal authorities, all of which held that a complaint must be dismissed on shotgun pleading grounds where a plaintiff attempts to comingle otherwise separate claims for direct patent infringement, induced patent infringement, and contributory patent infringement. *See* [D.E. 79, pgs. 6-9].[6] By failing to address those legal authorities, Plaintiff has conceded the issue. *See Trinidad v. Santander*, 2025 U.S. Dist. LEXIS 70029, at *5 (S.D. Fla. Mar. 10, 2025) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed.") (citation omitted).

Defendants note that the Plaintiff inserted a one-sentence rebuttal to a *few* of the Defendants' cited cases, claiming that those cases involved lumping "multiple infringement

---

[6] *See zIT Consulting GmbH v. BMC Software, Inc.*, 2016 U.S. Dist. LEXIS 5346 (M.D. Fla. Jan. 15, 2016) (dismissing shotgun pleading because it improperly lumped numerous distinct claims and legal theories together in a single count including indirect and direct infringement theories); *mCom IP, LLC v. City Nat'l Bank of Fla.*, 2024 U.S. Dist. LEXIS 102379, at *5 (S.D. Fla. June 7, 2024) (dismissing shotgun pleading "because it comingles claims for direct and indirect (contributory and induced) patent infringement into one single count generally titled 'INFRINGEMENT'"); *Rebuild Fla., LLC v. United States HUD*, 2022 U.S. Dist. LEXIS 254151, at *5 (M.D. Fla. Oct. 21, 2022) ("the Second Amended Complaint still constitutes an impermissible shotgun pleading…[because] [c]ontributory infringement and vicarious infringement are distinct theories of liability that require proof of differing elements and rest on differing factual allegations."); *Ziemba v. Incipio Techs.*, 2014 U.S. Dist. LEXIS 129019 (D.N.J. Sep. 16, 2014) (dismissing shotgun pleading because it contained "three separate claims of infringement (direct, contributory and induced), each containing its own elements, each presumably premised on separate theories, and as against two separate corporate Defendants.").

theories into a single sentence which was confusing and impossible for the Defendants to respond to." [D.E. 80, p. 10]. But that argument misses the point: whether the infringement theories are lumped together in a single sentence, or in a single cause of action, the fact still remains that direct patent infringement, induced patent infringement, and contributory infringement are all "distinct theories of liability that require proof of differing elements and rest on differing factual allegations." *Rebuild Fla., LLC v. United States HUD*, 2022 U.S. Dist. LEXIS 254151, at *5 (M.D. Fla. Oct. 21, 2022). Lumping such distinct theories of liability into a single cause of action violates the "one-claim-per-count rule." *Kennedy v. Bell S. Telcoms., Inc.*, 546 F. App'x 817, 818 (11th Cir. 2013). The FAC should therefore be dismissed.

3. The Plaintiff's Cited Decisions are Both Inapplicable and Distinguishable.

Plaintiff then claims that its FAC should be saved from dismissal, under the idea that the FAC provided "factual allegations supporting its direct, induced, and ***contributory*** patent infringement claims and asserts these claims in clear, concise, separate paragraphs." [D.E. 80, p. 10] (emphasis added). Once again, and even if this were true in theory, such an argument is irrelevant because a "***patent infringement complaint may not combine multiple types of infringement in one count***." *O.E. Wheel v. Mobile Hi-Tech*, 2022 U.S. Dist. LEXIS 131744, at *11 (M.D. Fla. July 25, 2022) (emphasis added); *Advanced Screenworks, Ltd. Liab. Co. v. Mosher*, 2020 U.S. Dist. LEXIS 2767 (M.D. Fla. Jan. 8, 2020) (dismissing complaint because a "combination of infringement claims into a single count constitutes a shotgun pleading.").

Putting that aside, it is perplexing that the Opposition would rely on *Targus*, where in addressing a shotgun pleading issue, the court "agree[d] [that] Targus's complaint is by no means a model of clarity," and that the plaintiff "should not have combined these two claims into one count…" *Targus Int'l v. Grp. III*, 2020 U.S. Dist. LEXIS 195934, at *7 (S.D. Fla. Oct. 22, 2020)

(brackets added). Notwithstanding, Plaintiff's reliance on *Targus* is misplaced because that case did ***not*** involve an indirect claim for contributory infringement (as is the case here). The Opposition ***admits*** that the FAC is attempting to assert a claim for ***contributory*** patent infringement [D.E. 80, p. 10], yet the FAC contains no allegations whatsoever that the Defendants "contributed" to any underlying direct infringement, that the Defendants engaged in "contributory" infringement, or that the Defendants are liable for "contributorily" infringing a patent. Defendants invite the Court to confirm that pleading omission – and although the Plaintiff's Opposition contends that Count I asserts a claim for "contributory" infringement – ***the word "contributory" is not found anywhere in the entire FAC***.

The Plaintiff's citation to *Glob. Tech v. Every Watt*, 2016 U.S. Dist. LEXIS 183122 (S.D. Fla. July 29, 2016) is similarly unavailing for two (2) reasons. *First*, the plaintiff in that case separated out its claims for direct patent infringement in Count I, and indirect patent infringement under both inducement and contributory theories of liability in Count II; in the instant case, however, Plaintiff has comingled all three (3) types of infringement theories into a single count (Count I). *Second*, as to the plaintiff's indirect patent infringement claim in *Glob Tech*, the plaintiff "specifie[d] which paragraphs correspond to the inducement claims," and similarly "distinguishe[d] the allegations of contributory infringement by stating that paragraph 69 alleges infringement "under 35 U.S.C. § 271(c)." *Glob. Tech*, 2016 U.S. Dist. LEXIS 183122, at *19-20 (S.D. Fla. July 29, 2016). In the case at bar, Count I of the FAC failed to distinguish: **(a)** which allegations correspond to the direct infringement claim; **(b)** which allegations correspond to the indirect infringement claim; and **(c)** which allegations correspond to the contributory infringement claim. Accordingly, *Glob Tech* is of no help to the Plaintiff's pleading deficiencies.

Knowing that the FAC is due to be dismissed on shotgun pleading grounds, Plaintiff

concludes its Opposition on page seven (7) by improperly asking the court to grant "leave to amend." [D.E. 80, p. 7]. However, Plaintiff once again ignores 11th Circuit precedent, as a request for leave to amend cannot be embedded in an opposition to a motion to dismiss.[7]

### III. Defendants' Motion Should be Granted, as Plaintiff Has Stipulated to the Fact That Preliminary or Permanent Injunctive Relief is Unavailable on an Expired Patent.

Defendants' motion to dismiss highlighted how the FAC sought a preliminary and permanent injunction as it relates to an expired patent. For example, in the Plaintiff's "Prayer for Relief," the FAC requested a "***preliminary and permanent injunction to enjoin*** Defendants…from making, using, offering for sale, or selling processes and products made thereby and ***which are claimed in the '868 Patent***."] [D.E. 74, p. 41, ¶2] (emphasis added). Conceding that "once a patent has expired, injunctive relief is no longer available,"[8] Plaintiff's Opposition quickly pivoted to the notion that injunctive relief is available for the Lanham Act and breach of contract claims in the FAC. [D.E. 80, p. 7-8]. While Defendants do not agree that such relief is either available or warranted, Defendants' motion to dismiss should at least be granted, inasmuch as the Plaintiff has stipulated to preliminary and permanent injunctive relief being unavailable in this action based upon an expired patent. Defendants' motion should be granted.

### IV. The Southern District of Florida Has Held That the Plaintiff's Local Rule Argument is "Meritless."

The opposition advances a final "throw-away" argument, claiming that the Defendants did not conduct a meet-and-confer prior to filing their motion to dismiss. [D.E. 80, p. 8-9]. But no such conferral was required, as the Southern District of Florida recognized in *Tajalli v. Wal-Mart*

---

[7] *See Newton v. Florida*, 895 F.3d 1270, 1277 (11th Cir. 2018) (stating that a request for leave to amend "made in opposing the motion to dismiss the DCC claim is irrelevant."); *Lanier v. City of Miami*, 2024 U.S. Dist. LEXIS 69918, at *3 (S.D. Fla. Apr. 17, 2024) ("When 'a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.'")

[8] *Pfizer, Inc. v. Mylan Labs., Inc.*, 2006 U.S. Dist. LEXIS 75856, at *6 (W.D. Pa. Oct. 18, 2006).

*Stores, Inc.*, 2013 U.S. Dist. LEXIS 164339 (S.D. Fla. Nov. 19, 2013). In *Tajalli*, the defendant filed a motion to dismiss, arguing that the plaintiff's complaint constituted an impermissible shotgun pleading. *Id*. at *2-3. The plaintiff claimed that the defendant's motion to dismiss was improper because the defendant "never conferred with Plaintiff prior to the filing of its Motion to Dismiss…" *Id*. The court held that the "Plaintiff's assertions are meritless," and that the "clear language of the [meet-and-confer] Rule exempts motions to dismiss from the pre-filing conference requirement. Defendant was not required to confer with Plaintiff about the issues raised in the Motion to Dismiss prior to filing the Motion." *Id*. at *3 (brackets added). The court then turned to the substance of the motion to dismiss, and found that the "Plaintiff's Complaint fails to plead discrete claims in separate counts;" furthermore, the plaintiff "asserts various legal theories in the Complaint…[b]ut Plaintiff does not organize these allegations into separate counts that provide notice to Defendant of which statutory provisions Plaintiff alleges that Defendant violated, and under which legal theories these violations occurred. Defendant cannot reasonably respond to Plaintiff's Complaint when the Complaint does not clearly organize its claims." *Id*. at *4-5.

*Tajalli* is analogous because in the same way that the complaint was dismissed in that case as a shotgun pleading, Count I in the FAC failed to plead discrete claims in separate counts; additionally, and although Plaintiff asserts various legal theories for direct patent infringement, induced patent infringement, and contributory patent infringement, Plaintiff failed to organize these allegations into separate counts that provide notice to Defendants of which statutory provisions [*e.g.* § 271(a), (b), and (c)] Plaintiff alleges that Defendants violated, and under which legal theories these violations occurred. For this reason as well, the FAC should be dismissed.

Dated: September 30, 2025                               Respectfully submitted,

                                                        W. John Eagan
                                                        W. John Eagan
                                                        Florida Bar No. 105,101
                                                        johneagan@malloylaw.com
                                                        Victor A. Bruzos
                                                        Florida Bar No.1,049,014
                                                        vbruzos@malloylaw.com
                                                        **MALLOY & MALLOY, P.L.**
                                                        2800 S.W. Third Avenue
                                                        Miami, Florida 33129
                                                        Telephone: (305) 858-8000
                                                        *Counsel for Defendants*